UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| PATRICK HICKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| SOUTHERN AUTOBODY SUPPLY, INC., | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Tennessee corporation with its principal office located at 1458 Madison Street, Chattanooga, Tennessee, 37408. Its registered agent for service of process is Stephen B. Bower, 1458 Madison Street, Chattanooga, TN, 37408.

3. Defendant sells and distributes automotive body repair supplies. Defendant maintains a warehouse and administrative office in Chattanooga, and it has shops located in East Ridge, Tennessee, Knoxville, Tennessee, and Calhoun, Georgia.

4. Plaintiff was employed by Defendant at its shop in East Ridge from August 17, 2020 to March 19, 2021. He initially worked as a paint mixer and then as a counter person. His duties included mixing paint, taking and executing orders for products, and performing various administrative tasks.

5. Defendant paid Plaintiff an hourly rate for his work.

6. While Plaintiff was employed by Defendant, he routinely worked overtime hours of more than 40 per workweek for which he was not compensated.

7. More specifically, Plaintiff worked uncompensated hours "off the clock" before his regular 40-hour shift began each day and after his regular shift ended. In addition, although Plaintiff was not paid for a one-hour lunch break each day, he usually worked through lunch and did not receive a lunch break.

8. The store manager, who was Plaintiff's direct supervisor, was well aware that Plaintiff was working uncompensated overtime hours off the clock.

9. While Plaintiff was undergoing training at the beginning of his employment with Defendant, the store manager advised Plaintiff that Defendant did not allow any overtime hours, and that Plaintiff had to record exactly 40 hours of work time each week.

10. Early on during his employment, Plaintiff recorded all of his actual work hours for the week, including overtime hours, but the store manager instructed Plaintiff to record only 40 hours.

11. The store manager observed Plaintiff working before his regular shift began, working after his regular shift ended, and working without lunch breaks, and he was aware that Plaintiff was not being compensated for these overtime hours.

12. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

13. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

14. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

15. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

16. Plaintiff was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a given workweek.

17. By failing to compensate Plaintiff for all overtime hours worked at a rate of one and one-half his regular rate of pay, Defendant violated Section 207(a)(1) of the FLSA.

18. As a result of Defendant's violations of Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

19. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

20. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to his overtime back pay;

(c) interest;

(d) reasonable attorney's fees;

(e) the costs and expenses of this action; and

(f) all further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff